PROVOSTY, J.
This suit is brought upon the following instrument, viz.:
“New Orleans, November 4th, 1S99.
“Alfred Le Blanc, City—
“Dear Sir: We confirm purchase of you to-day of 350,000 yards 48 in. 11% oz. to 40 in. mangled standard quality Calcutta Bur-laps, at 22 shillings and 3 pence per hundred .yards cost, and freight, to New Orleans, equal quantities, monthly, November, February, steamer shipments terms four months, letter of credit on London Bank.
“We have also authorized you to-day to bid in counter offer to your price of 15, 10%, for 400,000 yards 40-10 ioz., November-Eebruary, 15/6 for 400,000 yards December-March. Yours truly,
“Mente & Co.
“Accepted:
“Alfred Le Blanc,
“Per Hetherwick.”
This contract was to be filled by shipments from Calcutta, India. In cabling the order for the goods, defendant left out the words: “to 40 in.,” so that the first two shipments proved to be of goods weighing 11% oz. to the yard of 48 inches in width, instead of to the yard of 40 inches in width, as called for by the contract. Plaintiffs refused to receive the goods, and they were sold for whose interest concerned, and brought less than cost price. The order was corrected, and the subsequent shipments were of the right weight, but at a higher price. Plaintiffs were not in a position to withhold payment, they having delivered to defendant a letter of credit against which the Calcutta shipper was authorized to draw with bill of lading attached, and this letter of credit being, by the custom of the trade, irrevocable.
The present suit is brought to recover, as damages, the loss on the two shipments of light-weight goods, and the difference between the contract price and the increased price on the other shipments—a total of $7,-177.52.
Defendant contends that in making the contract he was acting not as principal, but as agent for Blackwood, Blackwood & Co., the Calcutta shipper, to the full knowledge of the plaintiffs; and that it was through inadvertence that the qualification of agent was not added to his name at the bottom of the instrument sued on; and that, moreover, the person who signed the instrument sued on had n,o authority from him to do so.
The transaction in question was but one of 14 similar transactions running from May 18, 1899, to November, 1899, and aggregating some $80,000. In every instance, as in this, a written memorandum was drawn up in dui>lieate to evidence the contract; furthermore, the parties, though neighbors in the same city, dealt largely by letter, and all these letters and documents, and a great many other writings relating more or less closely to the transactions, are in the record; and yet, strange to say, this court, after mastering the details of the whole business, and after long and studious consideration of the matter, has been unable to come to any conclusion as to which side the truth lies on, and must decide the case on the failure of the plaintiffs to make their case certain. Nay, sio nicely hangs the scale, had the lower judge decided the case in favor of plaintiffs, this court would not have disturbed the finding. On the side of plaintiffs is a slight predominance of probability from the undisputed facts, but only one witness; on the side of defendant there are two witnesses.
Plaintiffs’ witness E. V. Benjamin, a partner in plaintiffs’ firm, on the one part, and defendant and his clerk Hetherwick, on the other part, stand in flat contradiction on the main issue as to agency vel non, and on the numerous circumstances calculated to throw light on this issue. Elat contradiction on so many points has, we venture to say, seldom been met with in a case. The testimony of Mr. Benjamin is straightforward, apparently perfectly candid, and, so.far as we can see, flawless, both in itself and in connection with the undisputed facts. That of defendant and of Mr. Hetherwick wears equally the appearance of entire honesty, and is equally consistent with itself and with the undisputed facts. Mr. Benjamin derives slightly more corroboration from the undisputed facts.
One would think that the numerous documents ought to weigh down the scale one side or the other, but, on the contrary, it is they which bring about the perplexing equilibrium. Plaintiffs show that all their letters and all their confirmations of sales are, like the document sued on, addressed to the de *973 fendant individually, and not as agent. But, on tlie other hand, defendant shows that plaintiffs were in the habit of thus addressing him individually, even in their business with the Harrison Line of Steamers, of which he is the New Orleans agent; and shows, further, that nearly all of his .own confirmations of sales, received and kept by plaintiffs without demur, were signed as agent, and were written on paper bearing at its head the announcement that he was agent for “Blackwood, Blackwood & Co., of Calcutta. Jute, Burlaps, Bagging, Bags, etc.;” and he shows also that the second letter, or memorandum, of confirmation of sale coming from plaintiffs, reads, “We authorize you to bid,” etc., indicating that defendant was not understood to be the immediate seller, but was merely an intermediary.
The case presents a conflict of testimony between one witness on the one side and two witnesses on the other, all, apparently, equally worthy of credit, and with strong corroborating circumstances on both sides, the corroboration on plaintiffs’ side being only slightly greater, and not sufficiently so to overcome the preponderating weight of the defendant’s second witness. Under these circumstances, we can but affirm the judgment.
Judgment affirmed.