LOUISVILLE AND NASHVILLE RAILROAD COMPANY, A COR-PORATION, *Plaintiff in Error,* v. W. J. BERRY, *Defendant in Error.*

APPELLATE PRACTICE—WRIT OF ERROR LIES ONLY FROM FINAL JUDGMENT.

Under the provisions of section 1691 of the General Statutes of 1906 writs of error lie only from final judgments, and from orders granting new trials, and when a transcript of record carried by writ of error to the appellate court for review fails to show a final judgment in the cause, such writ of error will be dismissed by the court *ex proprio motu.*

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error;

*Avery & Avery,* for Defendant in Error.

TAYLOR, J.—In this cause the record brought here on writ of error exhibits a verdict of a jury in favor of Berry the plaintiff below against the plaintiff in error who was

defendant below, but the record fails to show that any final judgment was ever rendered on this verdict by the court below.

Section 1691 of the General Statutes of 1906 provides that: "Writs of error shall lie only from final judgments, except as specified in section 1695." The last named section provides for writs of error to review orders granting new trials. The writ of error herein must, therefore, be, and is hereby, dismissed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.