WM. W. FLOURNOY, *Plaintiff in Error*, v. INTERSTATE ELECTRIC COMPANY, A CORPORATION, *Defendant in Error*.

1. Where a writ of error purports to be taken to a final judgment, and no final judgment appears in the transcript of the record proper, the court shall not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not.

2. The rules contemplate that in making up a transcript of the record to be transmitted to the appellate court in response to a writ of error, the judgment to which the writ of error is addressed should be included in the transcript.

This case was decided by Division B.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

This case was reinstated.

*Wm. W. Flournoy, in pro per;*

*W. O. Butler,* for Defendant in Error.

PER CURIAM.—The writ of error herein is addressed to a judgment entered in the cause, but no judgment appears in the transcript of the record on file here.

Where a writ of error purports to be taken to a final judgment, and no final judgment appears in the transcript of the record proper, the court should not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not. Seaboard Air Line Ry. v. Bennett, 47 Fla. 215, 36 South. Rep. 86; Goldring v. Reed, 61 Fla. 250, 53 South. Rep. 503; Graves v. Harris, 61 Fla. 254, 54 South. Rep. 390.

The rules contemplate that in making up a transcript of the record to be transmitted to the appellate court in response to a writ of error, the judgment to which the writ of error is addressed should be included in the transcript.

In this case counsel directed the clerk to include in the transcript certain specified "papers," but did not mention or include the judgment, and directed the clerk to "omit from the transcript all other papers."

The writ of error is dismissed.

TAYLOR, HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.