N. GOLDRING, *Plaintiff in Error,* v. A. REID AND PRINCE MORRIS, *Defendants in Error.*

1. A lease of real estate for not more than two years is not required to be by deed, and such a lease though under seal, when made by an agent, may be ratified by parol.

2. In an action of unlawful detainer where a lease is offered to show not right of possession, but a title to the term, it is inadmissible as the statute forbids questions of title to be determined in this action.

3. Two leases of the same property to different parties for the same period present a question of title to the term or of damages for breach of contract, and not of a mere right of possession.

This case was decided by Division A.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jno. C. Avery,* for Plaintiff in Error;

*Jones & Pasco,* for Defendants in Error.

WHITFIELD, C. J.—N. Goldring brought an action in

the circuit court for Escambia county under the statute to recover possession of described land alleged to be unlawfully withheld from the plaintiff without his consent by A. Reid and Prince Morris. General Statutes of 1906, sections 2152 *et seq.*

At the trial the plaintiff offered in evidence a lease of the premises dated May 11th, 1909, for two years from October 1st, 1909, executed by "Hooton & Watson, Agents, by J. C. Watson (seal)," and in connection therewith the plaintiff offered to prove that the lease was executed by Hooton & Watson who were the agents of John Sunday, the owner of the property, that Hooton & Watson were the agents by parol appointment of the owner John Sunday to hold and rent the premises, and that after a dispute arose between the plaintiff and the defendants as to the right of possession of the premises, and before the beginning of the term of the lease offered in evidence, the owner of the premises John Sunday was informed by Hooton & Watson of the lease and Sunday verbally ratified the same and consented thereto. The defendants then objected to the admission in evidence of the lease on the grounds that it appears that Sunday is the owner of the premises, that the lease is by Hooton & Watson, that Hooton & Watson are not the owners and are not entitled to the possession of the premises, and that the instrument is under seal and is irrelevant and immaterial. This objection was sustained and the plaintiff excepted. The plaintiff then offered in evidence a lease of the premises by Hooton & Watson, agents, for three years from October 1st, 1906, and offered to prove that the defendants were in possession of the premises as sub-lessees on said lease when the lease to plaintiff for two years from October 1st, 1909, was executed, and that under the first lease the defendants had paid rent to Hooton & Watson,

agents of the owner, until the expiration of the term, October 1st, 1909. The lease was excluded as irrelevant and the plaintiff excepted. The plaintiff then offered to prove that after the execution of the lease to plaintiff by Hooton & Watson, agents, for the period beginning October 1st, 1909, the defendants complained to Sunday of Hooton & Watson's lease to plaintiff; that at first the owner refused to give another lease to defendants, but the defendants or one of them represented to the owner that he was not bound by the lease to plaintiff and might repudiate it, and thereupon the owner executed to the defendants a lease of the premises under which they are in possession and claim the right to hold the premises. This evidence was excluded, and the plaintiff excepted. Another offer of the plaintiff to prove all the matters and things hereinbefore stated was rejected and an exception was noted. A nonsuit was taken and a writ of error with bill of exceptions under the statute were resorted to by the plaintiff.

Section 2156 of the General Statutes of 1906 provides that "no question of title, but only a right of possession and of damages, shall be involved in the action" of unlawful detainer.

A lease of real estate for not more than two years is not required to be by deed, and such a lease though under seal, when made by an agent, may be ratified by parol. The lease with the accompanying evidence first offered might have been admitted as tending to show the plaintiff's right of possession. But when the plaintiff offered to show that the defendants hold and claim possession under another lease from the owner, the lease was then apparently offered to show, not the right of possession, but the better title to the term in the plaintiff, thereby rendering the lease inadmissible in this action, as the

statute forbids questions of title to be determined in an action of unlawful detainer. Two leases of the same property to different parties for the same period present a question of title to the term or of damages for breach of contract and are not of a mere right of possession.

In view of the evidence of another lease for the same period sought to be presented by the plaintiff there was no reversible error in the ultimate ruling of the court, and the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.