PROVOSTY, J.
The accused was tried for murder, and convicted of manslaughter. She requested that the following special charges be given:
“(1) While it is true that crimes are often committed without any apparent motive, and while proof of motive is never essential to conviction where a crime has been proved, still the absence of motive or of all apparent inducement to commit the crime is a strong circumstance in favor of the accused.
“(2) The presumption of innocence is a rule of law and does not arise out of evidence; but, where the evidence shows absence of motive to commit the crime, the presumption of innocence is greatly strengthened, and sometimes conclusively established.
“(3) It is only where the evidence is sufficient to establish the guilt of the accused beyond a reasonable doubt that the presumption of innocence is overthrown.
“(4) Where the evidence fails to establish the guilt of the accused beyond a reasonable doubt, the presumption of innocence prevails.
“(5) The accused has a legal right to rely entirely upon the legal presumption of innocence, and the failure to produce any evidence on her behalf must not raise any presumption against her.
“(6) The verdict of ‘not guilty’ does not necessarily imply that the jury find the accused innocent; it may simply mean that the state has not proved her guilty, to the satisfaction of the jury, beyond a reasonable doubt.”
The bill of exceptions shows literally and absolutely nothing more than that the trial judge- refused charge No. 1 because not good law, and the others because covered by his general /charge.
[1, 2]/“Motive,” in one sense, is that something in the mind, or that condition of the mind, which incites to the action. A thing which is thus hidden in the mind of the accused, or, in other words, this condition of *832 tlie mind of tlie accused, can, in tlie nature of tilings, be known only to tbe accused. But an inference as to the existence of such a thing in the mind, or of that condition of the mind, may be drawn from some external fact such as would be of a nature to produce or bring about that something in, or condition of, the mind; and it is therefore to such an external fact as this that reference is had in this charge No. 1 when the word “motive” is used. The meaning is that failure on the part of the prosecution to prove any fact calculated to have produced this condition of mind in the accused is a strong circumstance in favor of the accused. This, as the learned trial judge very properly said, is not good law. The law is that the prosecution may stop with proof that the crime was committed, and not concern itself with making any proof of motive, or, in other words, of any fact calculated to have incited the accused to the commission of the crime. 21 Oyc. 914.
[3, 4] If, however, the accused, not content with relying simply upon the failure of the state to prove some fact from which this mental condition might be inferred, had gone further and proved facts from which the absence of such a mental condition might be inferred, then a charge that (to use the expression of this charge No. 1) the absence of motive was “a circumstance in favor of the accused” would have been not only proper but necessary to be given. 21 Oyc. 914, 1040; 12 Cyc. 394. But the bill of exception fails to show that affirmative proof was made of facts from which an absence of motive might be inferred. Hence, for all that appears, the rejection of the charge was entirely proper. Besides, the judging of whether the inference arising from the proof of the absence of motive is strong or weak in the particular case is a matter within the sole province of the jury; and therefore the judge would have to limit his charge to the absence of motive being a circumstance favorable to the accused, and not add that the circumstance was “strong.”
[5] Charge No. 2 is but a restatement of charge No. 1, only in highly objectionable form. In the first place, it confounds the presumption of innocence which the law in its mercy creates arbitrarily in favor of an accused, with the inference of fact which may arise from the absence of motive. In the next place, it assumes that absence of motive may of itself “conclusively establish” innocence, and it calls upon the judge to express an opinion as to how far absence of motive may go towards establishing innocence. As worded, it is confusing, and for that reason, even if for no other, is objectionable.
The other requested charges were expressly and explicitly covered in the general charge.
Judgment affirmed.