ATTAWAY McKINNON, *Plaintiff in Error,* v. AMOS E.
LEWIS *et al., Defendants in Error.*

Opinion Filed April 2, 1917.

Under Section 1969 General Statutes either party to a suit in eject-
ment may avail himself of the proceedings by interrogatories
provided by Sections 1534 and 1535, to obtain a disclosure
from the other party of the title and every link thereof, upon
which such other party sues or defends.

Writ of Error to Circuit Court for Jackson County;
D. J. Jones, Judge.

Judgment reversed.

*D. L. McKinnon,* for Plaintiff in Error;

*Will H. Price,* for Defendants in Error.

PER CURIAM.—A former writ of error herein was
dismissed, no final judgment being shown. McKinnon v.
Lewis, 72 Fla. 25, 72 South. Rep. 370. Subsequently
a final judgment for the defendants was rendered and the
plaintiff took writ of error to such final judgment.

The action is in ejectment and trial was had on a plea
of not guilty.

Section 1969 of the General Statutes of 1906, pro-
vides that "either party to a suit in ejectment may avail
himself of the proceedings by interrogatories provided by
Sections 1971 and 1972, to obtain a disclosure from the
other party of the title and every link thereof, upon which
such other party sues or defends."

The sections "1971 and 1972" mentioned, should be
sections "1534 and 1535" of the General Statutes of 1906.

52

Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663.

Under this statute the plaintiff filed the following interrogatories:

"The defendant Amos E. Lewis is hereby required to file in this court within ten days, written answers, under oath, to the following interrogatories, to-wit:

"1st.   State fully and in detail all the evidence you depend upon as your defense in this suit, state what kind of title you rely upon. If you claim under deed, attach a copy of each and every one with indorsements on same that you claim under to your answer.

"2nd.   State whether you deeded this land to J. R. Lewis and he deeded it to W. A. & E. C. Lewis. State who was in possession of this land in the year 1909 and if you say W. H. Barton state whom he was claiming under.

"3rd.   If in answer to your first interrogatory you say that you claim under deed, state with certainty and in detail, who took possession for you, when, and who was in the house at the time and prior and under whom did he claim title.

"4th.   If you state that you claim title through deed from the Citizens State Bank of Marianna, Fla., state the date of consideration if any, the date of the deed, the date when deed was delivered to you, and the date that you had same recorded, and did you not know that at the time that plaintiff had a deed to this land and same was recorded and that he was claiming under same."

To these interrogatories the defendant filed exceptions as follows:

"1st.   That said interrogatories and each of them are concerning matters that pertain entirely to the defense

of this defendant and in no wise are material to the plaintiff in making out this cause of action, if any he has.

"2nd. That said interrogatories and each of them are not of such nature or character as to which a bill for discovery would lie upon the chancery side of the docket.

"3rd. That said interrogatories and each of them are not necessary in order to establish plaintiff's cause of action, but are merely inquiries to ascertain the defendant's ground of defense to the suit brought against him.

"Wherefore, this defendant prays the judgment of the court as to whether or not he shall be required to make other or further answer to said interrogatories or any of them."

These exceptions were sustained. This ruling might have been proper under section 1534; but under section 1969, the plaintiff was entitled to propound the interrogatories.

Reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.