W. M. WIGGINS, *Plaintiff in Error*, v. HOWARD SYLVESTER, JOHN W. WOODWARD, ANGUS GILLIS, M. H. LUTEN AND CHAS. H. WILLIS, *Defendants in Error*.

## Opinion Filed March 5, 1920.

1. Under the statute writs of error lie only from final judgments and from orders granting new trials.

2. Where no final judgment upon the merits of the cause in an action at law appears in the transcript of the record brought to the Supreme Court on writ of error to such a judgment, the writ of error will be dismissed at the cost of the plaintiff in error.

3. Under the provisions of Section 1691 of the General Statutes of 1906, writs of error lie only from final judgments, and from orders granting new trials, and when a transcript of record carried by writ of error to the appellate court for review fails to show a final judgment in the cause such writ of error will be dismissed by the court *ex proprio motu*.

A Writ of Error to the Circuit Court for Gadsden County; C. L. Wilson, Judge.

Writ of error dismissed.

*W. W. Flournoy*, for Plaintiff in Error;

*Y. L. Watson*, for Defendants in Error.

WHITFIELD, J.—It appears by the transcript of the record filed herein, that a trial was had upon a declaration sounding in tort and that a verdict for the defendants was rendered.

No judgment of any sort appears in the transcript; and the clerk's certificate is that the transcript contains "a correct transcript of the record of the proceedings in the case * and a true and correct recital and copy of all such papers and proceedings in the said cause, as appears upon the records and files of my office, that have been directed to be included in said transcript by the written demands of the said parties." The directions to the clerk for making up the transcript of the record under the rule, does not require the judgment to be included in the transcript; but as the rule requires the certificate of the clerk to state that it contains "a correct transcript of the record of the judgment in the case," together with other matters required "by he written demands of the parties," it is the duty of the clerk to include in the transcript of the record in all cases a correct copy of the judgment, decree or order appealed from or to which a writ of error is taken, though counsel for the plaintiff in error or appellant should see that the record is probably made up, since in the absence of the judgment, decree or order, the appellate court is without jurisdiction and the writ of error or appeal must be dismissed.

Under the statute writs of error lie only from final judgments and from orders granting new trials. Secs. 1691 and 1695, Gen. Stats., 1906, Comp. Laws, 1914.

Where no final judgment upon the merits of the cause in an action at law appears in the transcript of the record brought to the Supreme Court on a writ of error to such a judgment, the writ of error will be dismissed at the cost of the plaintiff in error. Jones v. Tyler, 58 Fla. 290, 51 South. Rep. 283; Flournoy v. Interstate Electric Co., 61 Fla. 214, 55 South. Rep. 983.

Under the provisions of section 1691 of the General Statutes of 1906 writs of error lie only from final judgments, and from orders granting new trials, and when a transcript of record carried by writ of error to the appellate court for review fails to show a final judgment in the cause, such writ of error will be dismissed by the court *ex proprio motu.* Louisville & N. R. Co. v. Berry, 58 Fla. 299, 50 South. Rep. 414; McKinnon v. Lewis, 72 Fla. 25, 72 South. Rep. 370.

There being no final judgment in the transcript, the writ of error is dismissed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.