BAGDAD LAND AND LUMBER COMPANY, a corporation, *Plaintiff in Error*, vs. JESSE O. BOYETTE, in his own behalf and on behalf of his wife, VICEY BOYETTE, *Defendant in Error*.

138 So. 382.

En Banc.

Opinion filed December 10, 1931.

Writ of error reinstated January 5, 1932.

*Watson & Pasco & Brown* and *E. C. Maxwell,* for Plaintiff in Error;

*R. A. McGeachy,* for Defendant in Error.

MATHEWS, Commissioner.—It appears by the transcript of the record filed herein that a trial was had upon a declaration sounding in tort and that a verdict for defendant in error was rendered.

No judgment of any sort appears in the transcript, and the Clerk's certificate is that the transcript contains "a correct transcript of the record * * * in the case * * * and a true and correct recital and copy of all such papers and proceedings in the said cause as appears upon the records and files of my office that have been directed to be included in said transcript by the written demands of the said parties."

The directions to the Clerk for making up the transcript of the record, under the rule, do not require the judgment to be included in the transcript; but as the rule requires the certificate of the Clerk to state that it contains "a correct transcript of the record of the judgment in the case", together with other matters required "by the written demands of the parties", it is the duty of the Clerk to include in the transcript of the record in all cases a correct copy of the judgment, decree or order appealed from or to which a writ of error is taken, though counsel for plaintiff in error, or appellant, should see that the record is properly made up, since in the absence of the judgment, decree or order the appellate court is without jurisdiction and the writ of error or appeal must be dismissed.

Under the statute, writs of error lie only from final judgments or from orders granting new trials. Sections

4606 (2901) and 4615 (2905) Compiled General Laws of Florida 1927.

Where no final judgment upon the merits of the cause in an action at law appears in the transcript of the record brought to the Supreme Court on a writ of error to such a judgment, the writ of error will be dismissed at the cost of the plaintiff in error. Jones v. Tyler, 58 Fla. 290, 51 So. 283.; Flournoy v. Interstate Electric Co., 61 Fla. 214, 55 So. 983; Wiggins v. Sylvester, 79 Fla. 232, 83 So. 876.

Under the provisions of Section 4606 (2901) and 4616 (2905) Compiled General Laws of Florida 1927, writs of error lie only from final judgments and from orders granting new trial, and when a transcript of record carried by a writ of error to the appellate court for review fails to show a final judgment in the cause, such writ of error will be dismissed by the court ex proprio motu. Louisville & N. R. Co. v. Berry, 58 Fla. 299, 50 So. 414; McKinnon v. Lewis, 72 Fla. 25, 72 So. 370; Wiggins vs. Sylvester, supra.

There being no final judgment in the transcript, the writ of error is dismissed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Sess.), adopted by the court as its opinion, there being no final judgment in the transcript, it is considered, ordered and decreed by the court that the writ of error be, and the same is, hereby dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.