281 So.2d 95 (1973)
STATE of Louisiana
v.
Arthur J. WOODRUFF.
No. 53127.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*96 Woodson T. Callihan, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant Woodruff was charged with the murder of Leo Hawkins and, after a trial by jury, was found guilty of manslaughter and sentenced to 10 years' imprisonment. Defendant relies on only one bill of exceptions for a reversal of his conviction upon this appeal.
Prior to trial counsel for the defendant filed a motion for a bill of particulars, in which they sought, among other things, the answers to the following questions:
"3. Was any dangerous weapon or instrument found on the person of deceased or around or near his body or at or near the scene of the alleged homicide?
"4. If the answer to Paragraph # 3 is in the affirmative, please describe the weapon and if a gun, please state the make, model, serial number and caliber of said gun"
The State's answer indicated that the defendant was not entitled to the information sought and declined to answer these and other questions. A hearing was held on the motion for a bill of particulars, at which defense counsel objected to the State's refusal to answer. The trial court overruled defense counsel's objection and ruled that the answers filed by the State were sufficient. Defense counsel objected to the trial court's ruling and reserved a bill of exceptions. Although the bill of exceptions encompassed the trial court's ruling with regard to the other questions in the motion for a bill of particulars, defense counsel only argued and briefed the issue of the State's refusal to answer the two questions set forth above. We therefore consider that defendant has abandoned his objections to the State's failure to answer the remaining questions.
The defendant contends that the prosecution's denial of the information requested in Questions Three and Four deprived him of evidence favorable to his defense and resulted in a denial of due process. To support his contentions defendant cites Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); and State v. Davis, 246 La. 383, 164 So.2d 589 (1964). The State contends that the information sought by the defendant is privileged and that our law and jurisprudence (State v. Hunter, 250 La. 295, 195 So.2d 273, 1967) establish that a defendant is without right to pretrial discovery of evidence upon which the prosecution relies for a conviction.
The facts of the case reveal that the shooting of the victim was the result of some sort of barroom altercation between the defendant and the victim. Shortly after the shooting occurred, the defendant surrendered himself to the police at the station-house, freely admitting the shooting but claiming that he acted in self-defense. His statement was to the effect that, after a scuffle with the victim, he saw Hawkins reach in his pocket and he then "* * * beat him to the draw".
Several witnesses who were present at the time of the shooting testified for the State at defendant's trial. One witness *97 initially testified that the victim Hawkins pulled a gun, but she changed her testimony and stated that it was Woodruff who pulled the gun. The barmaid on duty testified that prior to the shooting she had been joking with the victim, who stated that "* * * I'd take my gun and get it" (referring to a large sum of money the barmaid allegedly had on her person). The barmaid further testified, however, that the victim did not show her a gun, nor did she at any time see a gun in his possession. None of the witnesses who testified saw the victim in possession of a gun prior to or at the time of the shooting; however, some of the witnesses testified that they saw the victim reach in his back pocket just prior to the shooting. Additionally, most of the witnesses testified that they saw a gun on the floor near the victim's body shortly after the shooting incident. The police did in fact find a gun on the floor near the victim's body and this gun was subsequently admitted into evidence at defendant's trial. It was clearly established at the trial that this gun was not the weapon with which the defendant shot the victim and which he later surrendered to the police at the station-house.
Given the fact that the defendant relied solely upon his claim of self-defense, there can be no doubt that the gun found in close proximity to the victim's body was evidence favorable to the defendant's claim of self-defense and material to the issue of defendant's guilt or innocence. Moore v. Illinois interprets the holding in Brady v. Maryland as applicable only to evidence suppressed by the prosecution in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. It is clear in the case sub judice that the evidence sought by the defendant was refused in the face of his request for bill of particulars, and that the evidence was favorable and material. The request for a bill of particulars is a proper vehicle in Louisiana for securing the information or evidence sought here.
The prosecution in its opening statement and in its presentation of the State's case disclosed the existence of the gun and its location in relation to the victim's body. This, however, does not adequately compensate for the defense's lack of opportunity to construct and fortify its defense of self-defense on the bases of those facts. In the context of an adversary proceeding it is not contemplated that the State will use evidence favorable to a defendant in the same manner as would the defense. In this case the State did everything in its power to insure that the jury would not believe that the gun the police found by the victim's body had any bearing on the defendant's claim of self-defense or any relevance to the case. It is possible that had the State complied with the defendant's request with regard to the information sought in Questions Three and Four, the defense would have been able to ascertain the ownership of the gun. This information could have revealed the victim's connection with the gun, if any, and strengthened the defendant's case of self-defense.
The prosecution presented evidence which tended to show that the victim's wife and brother had no knowledge of the victim's ownership of a gun (if indeed he did own a gun), but no evidence was presented which tended to prove the actual ownership of the gun found near the victim's body. Nor was there an opportunity for the defense to ascertain this information, since it was denied the information which would have made such a discovery possible. Additionally, had the defendant been apprised of the existence of another gun, it is possible that he could have requested that the gun be checked for fingerprints or other evidence of possession by the victim. We do not intimate, in the face of evidence by numerous witnesses that no one saw a weapon in the victim's hands, that the victim did in fact have a gun on his person at the time of the shooting. We only note that no evidence was produced to show the ownership of the gun *98 or the presence or absence of markings which may have indicated the possession or control of the weapon.
Under the circumstances present in this case, we hold that the trial court's refusal to order the production of the information sought by this defendant in Questions Three and Four of his motion for a bill of particulars constituted a denial of due process, in violation of the rule of Brady v. Maryland and Moore v. Illinois, both cited above. We also note with approval the statement from State v. Davis, supra, contained in a footnote, that "* * * inasmuch as the defendant claimed the killing was justified because in self-defense, they [defendant and his counsel] were entitled to the further information requested as to whether any dangerous weapon or instrument had been found on the person of the deceased or around or near his body". We believe this statement is a valid statement of the law in Louisiana at that time and certainly the law of this land as interpreted by the United States Supreme Court in numerous decisions.
For the reasons assigned, we reverse the defendant's conviction and sentence, grant the defendant a new trial, and remand the case for further proceedings in accordance with this opinion.
CALOGERO, J., concurs.
SANDERS, C. J., dissents with written reasons.
MARCUS, J., dissents with written reasons.
SUMMERS, J., dissents for the reasons assigned by MARCUS, J.
SANDERS, Chief Justice (dissenting).
As I read the majority opinion, the reversal of the conviction is based upon a misconstruction of two United States Supreme Court decisions: Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).
These cases hold that it is a denial of due process for the prosecution to suppress material evidence favorable to the defendant.
In Moore v. Illinois, the holding was summarized as follows:
"The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment."
In the present case, there was no suppression of evidence. The gun of which defendant now complains was referred to in the prosecution's opening statement and actually introduced in evidence at the trial. Hence, the two United States Supreme Court decisions upon which the majority relies have no application to the present case.
The sole question presented is whether or not it is reversible error under state procedures for the trial court to decline to order the State on a bill of particulars to furnish to defendant in advance of trial information concerning the existence and description of the gun found near the victim.
Under Louisiana procedure, the bill of particulars is a device that implements the defendant's constitutional right to "be informed of the nature and cause of the accusation against him." Art. 1, Sect. 10, La.Const.; LSA-C.Cr.P. Art. 484; The Bill of Particulars in Criminal TrialsJudicial Discretion, 12 La.L.Rev. 457.
*99 The defendant, however, cannot use the bill of particulars to force the State to disclose its evidence in advance of trial. State v. Leming, 217 La. 257, 46 So.2d 262 (1950); State v. Poe, 214 La. 606, 38 So.2d 359 (1948); State v. Lee, 173 La. 966, 139 So. 302 (1932); State v. Fernandez, 157 La. 149, 102 So. 186 (1924). Louisiana has no full pre-trial discovery in criminal cases. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967).
In the present case, what was sought was the pre-trial discovery of the State's evidence. The trial judge, in my opinion, did not abuse his discretion in disallowing the information sought here.
The State placed all pertinent evidence before the jury. The only material issue was the possession or use of the gun. The trial was conducted fairly, and the jury returned a verdict of guilty of manslaughter. We should affirm the conviction.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
An answer to the request might have enabled defendant to trace ownership of the gun. However, the question of ownership is immaterial. The only material issue was its use and/or possession at the time of the killing. All these facts were before the jury. Despite the contention to the contrary, it is my opinion that the failure to supply answers to the requested information prior to trial did not constitute a suppression of evidence material and favorable to the defense, such as might constitute a violation of due process. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).
I respectfully dissent.