300 So.2d 461 (1974)
STATE of Louisiana
v.
John F. KADO et al.
No. 54559.
Supreme Court of Louisiana.
August 30, 1974.
Rehearing Denied October 11, 1974.
Murphy W. Bell, Director, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
John F. Kado, Sharron J. Badie and Nolan J. Johnson were charged by Bill of Information with simple burglary, tried before a jury, and convicted of the crime charged. Each defendant was sentenced to six years' imprisonment at hard labor. Upon this appeal, defendants rely on three bills of exceptions for a reversal of their convictions and sentences.
The first two bills were reserved when the trial court ruled that the State's answers to questions two and six in the defendants' motion for a bill of particulars were sufficient. The information sought in question two was the names and addresses of any persons who allegedly had witnessed the burglary. This Court has consistently held that the State is not required to furnish the defendant with a list of its witnesses because this amounts to a request for pretrial discovery, which is not available to the defendant under our criminal procedure. State v. Green, 275 So.2d 184 (La.1973); State v. Burkhalter, 260 La. 27, 255 So.2d 62 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867, 876 (1967).
In question six defense counsel sought information as to what items were allegedly taken in the burglary; the State refused to comply, and the trial court upheld that decision. It is well established in this State's jurisprudence that the prosecution is not required in a bill of particulars, to disclose all the evidence which it intends to use to prove the crime charged. See State v. Hollingsworth, 292 So.2d 516, 520 (La.1974); State v. Frezal, 278 So.2d 64 (La.1973) and cases cited therein. We are satisfied that the State supplied sufficient *462 particulars to inform the accused of the charge against him, as mandated by Code of Criminal Procedure Art. 484.
The third bill of exceptions was reserved when the defendants' motion for a new trial was denied. The motion was based on the allegation that the State had presented no evidence to support a conviction of the defendants for simple burglary. We have reviewed the record and find therein evidence sufficient to support the jury's conviction of all the requisite elements of the crime, including intent, which can be inferred from the circumstances surrounding the transaction under La.R.S. 15:445.
The convictions and sentences of all three defendants are affirmed.