306 So.2d 696 (1975)
STATE of Louisiana
v.
Richard THOMAS.
No. 55270.
Supreme Court of Louisiana.
January 20, 1975.
*697 Robert J. Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant was charged with first degree murder of Frank Meydrich, in violation of La.R.S. 14:30. He was tried in October of 1973 and the jury returned a verdict of guilty of second degree murder. He was then sentenced to life imprisonment at hard labor in the custody of the Department of Corrections. On his appeal to this Court, defendant relies upon three bills of exceptions.

BILLS OF EXCEPTIONS NOS. 1 and 2
Both of these bills relate to attempted pretrial discovery by the defendant. The first one was reserved when the trial judge ruled the State's answers to the defendant's Motion for Bill of Particulars to be sufficient. The specific information denied over defendant's objection was the names of "any and all law enforcement officers participating in [the] arrest." The second bill was reserved during the hearing on the Prayer for Oyer when the court refused to order the State to produce, and permit the defendant to inspect, any weapon or weapons which the State intended to introduce into evidence; a complete list of witnesses the State intended to call at trial; any and all items of physical evidence or tangible property obtained from any person, structure, vehicle, or place; all photographic identification information; and the identification records ("rap sheets") of the accused or any witness the State intended to call.
We hold that the trial judge's rulings in respect to these bills of exceptions were correct, and the bills present nothing in the way of reversible error.
In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution. Defendant seeks to have this Court apply the Brady principle to his case. However, we concur in the trial judge's opinion that the defendant was adequately informed of the nature of the charge against him. He had sufficient information to support a plea of double jeopardy and all the essential elements of the crime were disclosed. Moreover, the transcript attached to the bills of exceptions which pertains to the hearing on the application for the Bill of Particulars and the Prayer for Oyer clearly shows that the court demanded the State to give the defendant *698 anything of an exculpatory nature in its file:
"THE COURT: I think he's entitled to anything of an exculpatory nature that you may have in your file. Anything of an exculpatory nature.
"STATE'S ATTORNEY: We have nothing of an exculpatory nature in the file, based upon the police report and the statements of the witnesses."
As for the specific items that the defendant sought information about, it is well established in the jurisprudence of this State that the prosecution is not required, in answer to a bill of particulars (or a prayer for oyer), to disclose all the evidence it intends to use to prove the crime charged. See State v. Kado, 300 So.2d 461 (La.1974); State v. Hollingsworth, 292 So.2d 516 (La.1974); State v. Frezal, 278 So.2d 64 (La.1973). This Court has specifically held that the State is not required to furnish the defendant with a list of the witnesses because this amounts to a request for pretrial discovery, which is not available to criminal defendants in Louisiana. State v. Kado, supra; State v. Green, 275 So.2d 184 (La.1973). In State v. Woodruff, 281 So.2d 95 (La.1973), we held that the defendant was entitled to information about a gun found in close proximity to the victim's body. However, that case is distinguishable on the grounds that the sole defense was self-defense and the victim's gun was highly relevant. In the case sub judice, there was no evidence that the victim even possessed a gun.
We hold that the State supplied sufficient particulars to inform the accused of the nature and cause of the charge against him, as mandated by La.C.Cr.P. art. 484, and therefore, these bills of exceptions are without merit.

BILL OF EXCEPTIONS NO. 3
This bill relates to the State's dismissal of a juror for cause based on his opposition to capital punishment. The defendant alleges that the excusing for cause was in direct contravention to the holding in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). In Witherspoon, the United States Supreme Court held that a death sentence cannot constitutionally be imposed by a jury from which have been excluded for cause those who, without more, are opposed to capital punishment. However, in the same term, the Supreme Court also decided the case of Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), in which it held that Witherspoon does not apply in a case where the jury recommended a sentence of life imprisonment.
In the case before us, the jury found the defendant guilty of second degree murder, and the sentence imposed was that of life imprisonment. Therefore, Bumper controls and the issue of the juror excused for cause is moot. The bill of exceptions is without merit.
The conviction and sentence are affirmed for the reasons assigned above.