DIXON, Justice.
The defendant, Donald Robinson, was charged by bill of information with the crime of armed robbery, in violation of R. S. 14:64. After a jury trial on November 22, 1974 he was found guilty and sentenced to fifteen years imprisonment. On appeal he relies on three assignments of error.[1]

Assignments of Error Nos. 1 and 2

In these assignments the defendant urges this court to extend the right of discovery in criminal cases. In a pretrial motion for a bill of particulars and prayer for oyer, defendant requested copies of confessions, both written and oral, copies of witnesses’ statements, copies of ballistics reports, a list of the State’s witnesses and other details of the State’s case. The State answered that it had no written confessions and was not required to answer further; the trial judge ruled that the State’s answers were sufficient.
No error is shown. The defendant cannot obtain by bill of particulars pretrial discovery of the State’s evidence. State v. Ball, 328 So.2d 81 (La.1976); State v. Kado, 300 So.2d 461 (La. 1974).
Defendant in this case 'merely argues that liberal discovery is the better practice. This State has not adopted liberal discovery in criminal cases. However, this court has extended the right of pretrial discovery of the State’s evidence in cases where failure to do so might seriously handicap the defense. See e. g. State v. Woodruff, 281 So.2d 95 (La.1973). No such showing has been made in the instant case.
Assignments of Error Nos. 1 and 2 are without merit.

*924
Assignment of Error No. 3

The defendant contends that the trial judge erred in ruling admissible certain testimony by the victim and his twin brother about the return of the victim’s rings and their introduction into evidence. The rings were taken from the victim by the robbers, and were clearly relevant evidence of the crime, and admissible. The basis of the objections is not clear.
This assignment is without merit.
Accordingly, the conviction and sentence are affirmed.

. Assignment of Error No. 4 was neither briefed nor argued and is therefore deemed abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).