WARD, Judge,
dissenting.
I respectfully dissent based on the overwhelming evidence of Sexton’s guilt, the absence of a record of the entire voir dire, and the harmless error of the Trial Judge in denying the challenge for cause..
The bill of information charging Dell Sexton alleged that the first burglary occurred at 1107 Dante Street on August 26, 1983, and the second at 1535 Dublin Street on September 13, 1983. Following trial, the jury returned an eleven-to-one verdict of guilty on the Dante Street burglary and a unanimous verdict of guilty on the Dublin Street burglary.
The following facts convince me of the correctness of the jury’s verdicts. On August 26,1983, Laura Weber returned to her home on Dante Street to discover that someone had broken into her apartment through the back door. The entire apartment had been ransacked. She notified the New Orleans Police Department which dispatched two officers to investigate. They successfully lifted fingerprints from the rear door of Ms. Weber’s apartment and took photographs of the scene showing that the point of entry was the rear door. Weber reported that her apartment was secure when she left and that she had not given anyone, including Sexton whom she has never met, authority to enter her apartment.
Similarly, Ann Groves returned from work on September 13, 1983, to find that someone had broken into her home on Dublin Street, which is located some five or six blocks from Ms. Weber’s apartment. The rear guest bedroom had been completely ransacked, and someone had rifled through the rest of the home. A television, two furs, and miscellaneous household items were missing. Whoever entered had removed the burglar bars and broken one window pane from a side window. Two panes from the same window had also been removed and placed by the side of the house in an alley. Officer Wilson of the New Orleans Police Department lifted fingerprints from the broken glass and the window panes. Ms. Groves testified at trial that she did not give anyone authority to enter her home, and she identified property seized by the police as the property stolen from her home during the burglary.
Detective Solis, a fingerprint expert in the New Orleans Police Department, matched the fingerprints taken from both burglary scenes to those of Dell Sexton. Using this evidence, Officers Heffernan and Nides obtained an arrest warrant for Sexton. As they were arresting Sexton at his sister’s home, the officers noticed several of the articles described in the police report as stolen from Ms. Groves’ home. This property was seized and brought with Sexton to the police station.
*129 At the police station, Officer Heffernan first verbally ‘advised Sexton of his constitutional rights and then asked Sexton if he had anything to say. Séxton responded with the words: “O.K. you got me,” and stated that he had sold some of the stolen property taken from the houses.
Unquestionably, the State presented overwhelming evidence to support the jury verdicts of Sexton’s guilt.
As for Sexton’s two interrelated assignments of error, his argument is that the denial by the Trial Court of a full voir dire examination of a prospective juror precluded a complete evaluation of defense counsel’s challenge for cause based on his belief that the juror was biased because of her past'employment.
Constitutional error in a criminal trial is not reversible error if there is little likelihood' that the error would have changed the result — if it is clear .beyond a reasonable doubt that the constitutional error did not contribute to the conviction. State v. Frisco, 411 So.2d 37 (La.1982); State v. Silbey, 450 So.2d 710 (La.App. 4th Cir.1984). Furthermore, the Trial Court’s rulings on the scope of voir dire will not be disturbed on appeal absent a showing of clear abuse, of discretion under the prevailing facte and circumstances. La.C.Cr.P. art. 786; State v. Jackson, 358 So.2d 1263 (La.1978). The denial of a proper question by a Trial Judge during voir dire, although . error, is hot automatically an abuse of discretion. To determine whether a restriction of voir dire is an error which requires reversal, the reviewing court must consider the entire voir dire examination. State v. Nicholas, 397 So.2d 1308 (La.1981).
, The instant record does not provide the entire voir dire éxamination. We are not informed whether the Trial Judge conducted a..voir dire examination or whether the State or counsel for Sexton had previously asked other questions to the prospective jurors as a group or to Ms. Cazalas individually. Because Sexton’s counsel provided only the questioning that was subject to Sexton’s objection, it is impossible to determine whether the Trial Judge’s error in restricting the examination of a prospective juror unfairly prejudiced Sexton. Furthermore, the defense made no allegation that the Trial Judge otherwise restricted voir dire. The record in this appeal simply will not support the argument that the Trial Judge’s ruling deprived Sexton of his constitutional right to voir dire. State v. Nichols, supra.
Nor does the record prove denial of the challenge for cause was reversible error. An erroneous ruling on a challenge for cause which compels a defendant to exercise one of his peremptory challenges constitutes violation of his constitutional or statutory rights. La. Const. art. 1 Sec. 17; La.C.Cr.P. arte. 797, 799 and 921; State v. Monroe, 366 So.2d at 1347. A Trial Judge is vested with broad discretion in ruling on a challenge for cause which will not be disturbed on appeal absent an arbitrary or unreasonable prejudice to the defendant in obtaining a fair and impartial trial. State v. Sylvester, 400 So.2d 640 (La.1981); State v. Johnson, 324 So.2d 349 (La.1975). Neither former nor current employment with a prosecutor’s office constitutes cause that will automatically preclude an individual from being a fair and impartial juror. State v. Edwards, 412 So.2d 1029 (La.1982). Diligent prosecutors often become enthusiastic defense attorneys. Nonetheless, the question of whether one formerly or currently associated with law enforcement may serve on a criminal jury must be closely scrutinized by a Trial Judge and may justify a challenge for cause. State v. Sylvester, 400 So.2d at 643; State v. Simmons, 390 So.2d 1317 (La.1980).
Assuming that the Trial Judge erred in preventing Sexton’s counsel from uncovering bias based on the prospective juror’s past employment, the record again does not show reversible error. The defendant, as the appellant, has the responsibility to ensure the inclusion in the record of all matters he intends to rely upon on appeal. Uniform Rules, Courts of Appeal, Rule 1-3.
Although an examination of the minutes in the record reveals that the potential ju *130 ror in question, Mary Cazalas, was not one of the jurors ultimately selected, the record does not disclose how or by whom she was excused. Nor has counsel for Sexton argued in his brief that the ruling of the Trial Judge on the challenge for cause deprived Sexton of one of his peremptory challenges.
The rule set forth in Monroe, supra, remains: the defendant must still present the court of appeal with a record which demonstrates reversible error of the Trial Judge in denying the challenge for cause. Because the record reveals that Cazalas was not one of the jurors ultimately selected, Sexton has made absolutely no showing of prejudice in obtaining a fair and impartial trial. See, State v. Tauzier, 397 So.2d 494 (La.1981), in which defendants were not entitled to relief on appeal based on the theory that a member of the district attorney’s secretarial staff served improperly as a member of the jury, since the defendants failed to demonstrate that the secretary actually served as a juror.
I neither approve of the Trial Judge curtailing voir dire nor agree with his denying the challenge for cause. Nevertheless, the overwhelming evidence of guilt and the absence of a record of the entire voir dire lead me to conclude that Dell Sexton has not shown reversible error. It is clear beyond a reasonable doubt that the Trial Judge’s denial of a proper question during voir dire, which may have precluded a complete evaluation of a challenge for cause of a prospective juror who was not selected to serve on the jury panel, did not contribute to Sexton’s conviction. The evidence, when so overwhelming, should not be ignored but rather should be weighed with care before a conviction is reversed for reasons unsupported by the record. Therefore, I would affirm.