CRICHTON, J.,
additionally concurs and assigns reasons.
Li agree that relator has made a sufficient showing to warrant a narrowly focused evidentiary hearing and a ruling on the merits on the limited question of whether the State withheld material and exculpatory information regarding the October 29,1971 rape of the unnamed victim, which crime was never prosecuted but may bear some similarities to the crime for which relator was convicted. I also note that this alleged misconduct, which occurred under Assistant District Attorney Ralph Roy, may be consistent with Mr. Roy’s record of reversed convictions. See, e.g., State v. Vaughn, 431 So.2d 358 (La. 1982); State v. Day, 400 So.2d 622 (La. *852 1981); State v. Woodruff, 281 So.2d 95 (1973). In my view, the remand of relator’s case is appropriate and necessary under the highly unusual circumstances presented here.
WEIMER, J.
hi would deny the writ.