308 So.2d 263 (1975)
STATE of Louisiana
v.
Sterling COLLINS.
No. 55376.
Supreme Court of Louisiana.
February 24, 1975.
*264 J. Daniel Rivette, Orleans Indigent Defender Program, Mamou, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
The Grand Jury for the Parish of Orleans indicted Sterling Collins, alias James Taylor, for aggravated rape committed on a named female on March 18, 1973. After trial he was found guilty as charged and sentenced to life imprisonment. Seven bills of exception were reserved but only the last six are argued in brief.
Bill 2 was taken to the refusal of the trial judge to compel the State to produce, in response to a prayer for oyer filed by defendant, "Any weapon or weapons, if any, which the prosecution intends to offer into evidence on the trial of this cause as instrumentalities used in the commission of the offense charged in this Indictment."
As a general proposition the State is not required to produce the physical evidence it intends to use at the trial. Exceptions to this rule have recognized the right of a defendant to view and copy his written confession in the possession of the prosecutor, State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945); to obtain production of a taped confession, State v. Hall, 253 La. 425, 218 So.2d 320 (1969); or some of the confiscated narcotic evidence in a narcotic prosecution, State v. Migliore, 261 La. 722, 260 So.2d 682 (1970). When proper allegations support a finding that the defendant acted in selfdefense and specifies that the weapon sought was used by the alleged victim against the defendant, supporting a claim of self-defense, we have required production of the weapon by the State. State v. Woodruff, 281 So.2d 95 (La.1973).
None of these exceptions to the general rule are relevant here. Only State v. Woodruff required the production of a weapon under its distinctive facts. However, a plea of self-defense is clearly inappropriate to a charge of aggravated rape. The trial judge correctly denied production of the "weapons, if any."
Bill 3 was reserved to the denial of production of "A complete list of witnesses which the State intends to call upon the trial...." Aside from the fact that a complete list of the State's witnesses was on file in the office of the Clerk of the Criminal District Court, subject to inspection by the defense, there is no authority to compel the State to furnish this information.
Bill 4 was reserved to the trial court's refusal to require the State to produce "any and all items of physical evidence or tangible property ... which the State intends to offer into evidence...." As noted in our treatment of bill of exceptions 2, the State may not be compelled to produce, such evidence. However, if physical evidence was obtained improperly the appropriate procedure is for the defendant to move to suppress that evidence.
Bills 5, 6 and 7 involve ruling of the trial judge refusing to compel the State to produce photographic identification information, the results of tests and analysis concerning ballistics, fingerprints and blood tests; and F.B.I. identification a/k/a "rap sheet" of the defendant and any witness the State would call.
As our reasons in connection with Bill 2 make clear, the settled jurisprudence of this Court denies pretrial discovery in criminal cases except in the narrow field mentioned. This Court has consistently maintained the position that pretrial discovery is, as a general proposition, a matter for the Legislature.
This obvious effort to enlarge the scope of pretrial discovery in criminal cases is rejected. State v. Peters, 307 So.2d 888 *265 (La.1974); State v. Kado, 300 So.2d 461, (La.1974); State v. Baker, 288 So.2d 52 (La.1973); State v. Hunter, 250 La. 295, 195 So.2d 273 (1967).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.