318 So.2d 19 (1975)
STATE of Louisiana
v.
Joseph MAJOR.
No. 55965.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
Frank G. De Salvo, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*20 DIXON, Justice.
On July 11, 1973 Benny Lucido was robbed of $80.00 in cash and an automobile worth $1817.00. Defendant had been attempting to buy the car from Lucido, a used car salesman. During a discussion of the price, defendant stated that he had only $1500.00. After defendant and Lucido discussed methods of obtaining the remainder of the purchase price, defendant pulled a gun and forced Lucido to give him $80.00. Defendant then shot Lucido twice in the head and took the registration papers for the car and the car itself.
From a conviction of armed robbery by a jury and from a sentence of twentyeight years at hard labor, defendant appeals, presenting four assignments of error to this court.

Assignment of Error Nos. 1 and 3
In both of these assignments of error, defendant alleges that he was denied due process of law by the trial court's refusal to order the State to provide defendant with requested information.
Assignment of Error No. 1 arises from defendant's pretrial motion for a bill of particulars and a prayer for oyer. Before trial, defendant requested through a bill of particulars the following information:
1. location of arrest
2. time and date of arrest
3. names of arresting officers
4. whether the accused was identified
5. if identified, name of person identifying him and circumstances of identification
6. names and addresses of all witnesses to crime
7. names and addresses of all witnesses present when the accused was returned to the scene of the crime
8. names and addresses of all witnesses whose identification was less than positive
9. all favorable evidence in the State's possession or control
Additionally, in a prayer for oyer, defendant requested the State to produce (1) all written confessions it possessed, and (2) all oral confessions made by defendant, to which the State responded that it did not have any written confessions and that the oral confessions were not subject to discovery.
The effect of defendant's argument is to urge upon this court an extension of pretrial discovery, an extension this court has been reluctant to make (State v. Lewis, La., 315 So.2d 626, 1975; State v. Thomas, 310 So.2d 517 (La.1975); State v. Jackson, 308 So.2d 265 (La.1975)), with the exception of a few well delineated circumstances. State v. Collins, 308 So.2d 263 (La. 1975); State v. Cordier, 297 So.2d 181 (La.1974). The trial court correctly held that the State's answer to the bill of particulars was legally sufficient. The defendant is entitled to know what the State intends to prove, but not the evidence to be used. See C.Cr.P. 484, Official Revision Comment; comment, 12 Tul.L.Rev. 457 (1952).
Also, the trial court properly refused to allow discovery of any oral confession. Although the issue is moot, in that no oral inculpatory statement of any type was introduced into evidence by the State, as a general rule oral confessions are not subject to pretrial discovery. State v. Watson, 301 So.2d 653 (La.1974).
Assignment of Error No. 3 stems from the denial of a defense motion at the close of the State's case in chief to have the State's evidence file either scanned by the trial court for evidence favorable to defendant or sealed to be sent to this court on review. (In its general pretrial order *21 the trial court had required the State to produce any exculpatory evidence; there was none, the State replied). Defendant contends that his motion is supported by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
In Moore v. Illinois, 408 U.S. 786, 794, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972), the Supreme Court of the United States recited the precepts of Brady:
"The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence. . . ."
Defendant has made no showing that the prosecution has suppressed any evidence which may have a character favorable to the accused.
Moreover, the Supreme Court in Moore made it clear that due process does not require the prosecution to "open its files" to defense perusal:
"We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. . . ." 408 U.S. 795, 92 S.Ct. 2568.
Therefore, defendant's contention has no federal constitutional basis.
As stated above, this court has declined to broaden criminal discovery; the case before us provides no reason to change discovery procedures in criminal cases. Nor has the legislature acted to require the State to open its evidence file to defense use.
Accordingly, we hold that a criminal conviction is not subject to reversal merely because the State did not, before, during or after trial, open its evidence file to defense or court scrutiny.
These assignments of error are without merit.

Assignment of Error No. 2
This assignment of error relates to the following testimony by Benny Lucido, the victim:
"Q Would you state your name, please.
"A Benny Lucido.
"Q Okay. On that day, did anything happen to you out of the ordinary?
"A Yes, Sir.
"Q What was that?
"A That man
"Q What did that man do?
"A He shot me twice."
Defendant contends that this testimony was prejudicial and inadmissible inasmuch as he was on trial for robbery only. Defendant argues, in effect, that this testimony was an impermissible introduction of evidence of another crime.
The shooting occurred during the actual robbery; it was a part of the crime and inextricably connected to the crime charged, State v. Matthews, 292 So.2d 226 (La.1974); therefore, it was admissible as part of the res gestae. R.S. 15:447 and 448; State v. Witherspoon, 292 So.2d 499 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973); State v. Jefferson, 284 So.2d 882 (La.1973).
This assignment of error is without merit.

Assignment of Error No. 4
In this assignment, defendant contends that a police evidence book, to which defendant *22 objected as being hearsay, was improperly admitted into evidence during the State's case in rebuttal. The book was apparently introduced to establish the chain of custody of evidence previously introduced during the trial, namely, a bill of sale, a motor vehicle division temporary registration certificate and a Louisiana motor vehicle registration form.
Because at this point of the trial there was no issue as to the chain of custody, we do not consider the hearsay nature of the police evidence book. Evidence is admissible only if it is "relevant to the material issue." R.S. 15:435; State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970); State v. Melerine, 236 La. 929, 109 So.2d 471 (1959). Because at the close of defendant's case defendant had not challenged the chain of custody, chain of custody was no "material issue;"[1] therefore, the evidence book was improperly admitted into evidence.
Though it was error, it was not reversible error; the police evidence book merely adverted to evidence already properly admitted. Thus, the improperly admitted evidence did not "prejudice the substantial rights of the accused." C.Cr.P. 921.
This assignment of error is without merit.
Therefore, the conviction and sentence are affirmed.
COLOGERO, J., concurs.
TATE, J., assigns concurring reasons.
BARHAM, J., concurs in the decree only and for reasons assigned by Justice TATE.
TATE, Justice (concurring).
I concur that the conviction should not be reversed.
In reliance upon prior rulings, the trial court did not permit the defendant pre-trial access to prior oral confessions. Nor did it make an in camera inspection of the State's files at the conclusion of the State's case to satisfy itself that, unwittingly, the State had failed to afford the defendant access for favorable evidence in the State's possession.
However, I think these prior rulings should be re-examined.
In the first place, this court has ordered access to oral confessions when supervisory writs have been sought before the trial. To assure fair trials, I think the defendant should and will be assured access to such statements for the same reasons of fundamental fairness that written and electronically recorded inculpatory statements are made available to aid counsel in preparing a defense or in intelligently advising the accused to plead guilty to the charge.
Further, as previously pointed by my brother Barham, our failure to provide state procedures prior to the conviction to weigh claims of Brady suppression of evidence favorable to the defendant necessitates post-conviction procedures to assure vindication of this federal constitutional right.
The issue should preferably be determined in the state courts expeditiously prior to the convictionnot only in fairness to the accused, but also to safeguard state convictions as properly obtained from protracted and duplicitous post-conviction attacks. See my concurring opinion in State v. Lewis, La., 315 So.2d 626, 631 (1975). This is the path not only of fairness (since a prosecutor's ex parte determination may unwillingly deprive the accused of such evidence); but of judicial efficiency.
I therefore respectfully concur.
NOTES
[1] For a discussion of the difference between "materiality" and "relevancy," see 4 Wigmore, Evidence 2, and McCormick, Law of Evidence, 314 (1954).