332 So.2d 466 (1976)
STATE of Louisiana
v.
Ishmel JONES.
No. 57306.
Supreme Court of Louisiana.
May 17, 1976.
*468 Clyde D. Merritt, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for appellee.
MARCUS, Justice.
Ishmel Jones was indicted by the grand jury for the Parish of Orleans for the crime of aggravated rape. La.R.S. 14:42. After trial by jury on March 13-14, 1972, he was found guilty as charged and was sentenced to death by electrocution on March 21, 1972. On appeal, defendant relies on fourteen assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
A denial of due process is urged by defendant for the failure of the trial judge to require the state to furnish certain information and evidence in his prayer for oyer and motion for a bill of particulars. Objection to such denial was made during the hearing on the motion to quash.
The information sought consisted of the following: oral confessions and/or admissions of inculpatory or exculpatory nature; all quotations and/or paraphrases of alleged confessions and/or admissions of inculpatory or exculpatory nature made by the accused and reflected in the police reports and/or files of the district attorney; *469 a true copy of all technical laboratory reports and/or examinations of objects found at or near the scene of the alleged offense of an inculpatory or exculpatory nature which may be used by the state; an exact description or copy of any objects which may have been removed from or near the scene of the alleged crime that may be of an inculpatory and/or exculpatory nature; a copy of all pictures of the scene of the alleged crime made by or for the police as they relate to defendant and this case.
The state answered that it had no written confessions, statements or admissions of defendant, signed or unsigned, and that the other information sought was not subject to discovery.
The function of a bill of particulars is to inform the defendant more specifically of the nature and cause of the charge against him. La.Code Crim.P. art. 484 (1966); State v. Monk, 315 So.2d 727 (La.1975); State v. Devore, 309 So.2d 325 (La.1975). Pretrial discovery is not allowable to the defendant in criminal cases except in certain limited exceptions not present here. It is well settled that the state is not required to disclose the physical evidence it intends to use to prove the crime charged. State v. Collins, 308 So.2d 263 (La.1975); State v. Thomas, 306 So.2d 696 (La.1975); State v. Kado, 300 So.2d 461 (La.1974); State v. Hollingsworth, 292 So.2d 516 (La.1974); State v. Frezal, 278 So.2d 64 (La.1973). As a general rule, oral confessions are not subject to pretrial discovery. State v. Major, 318 So.2d 19 (La.1975); State v. Watson, 301 So.2d 653 (La.1974).
Hence, the trial judge correctly refused to require the state to furnish the information and evidence sought by defendant. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4
A motion to suppress identification filed by defendant was denied by the trial judge. During the hearing on this motion, objections were made to the curtailment of the questioning of two witnesses, Catherine Harding and Kenneth Thomassie.
The defense called Catherine Harding who, with a girlfriend, Katherine Strohmeyer, had been kidnapped and threatened with rape by defendant some four days after the commission of the rape charged in this matter. The rape charged herein allegedly occurred on November 27, 1970, whereas the offense involving this witness occurred on December 1, 1970. Miss Harding testified that she identified the defendant from a number of mugshots shown to her on December 2, 1970 and later positively identified him in a lineup conducted on December 4, 1970. This was the same lineup in which defendant was identified by both the victim in this case and her companion, Kenneth Thomassie. On redirect examination, Catherine Harding was asked the following question to which the state's objection was sustained:
Now, do you think or do you feel that the viewing of a limited number of mug shots on the same day as the lineup would have persuaded you in any way or would have biased your opinion to identify this man?
Defendant argues that this witness seemed uncertain of the real basis for her lineup identification; therefore, he was entitled to question her concerning the effect that the viewing of the mugshots may have had on her lineup identification.
There is no merit to this contention. It is clear from the testimony of this witness that her positive identification of defendant at the lineup was based on her independent recollection of him at the time of the offense. Consequently, no prejudice resulted from this ruling.
Kenneth Thomassie, companion of the rape victim, was called by the defense. The state's objection to the following question was sustained: "What was the lighting *470 condition out there?" The trial judge correctly sustained this objection. The lighting condition surrounding a witness' identification of the accused at the time of the alleged crime is not relevant to the issues presented in a pretrial motion to suppress identification.
It is clear from the testimony adduced at the hearing on the motion to suppress identification that the procedures employed by the state relative to showing of the mugshots and the conducting of the lineup were proper and free from any suggestiveness.
Assignments of Error Nos. 2, 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
The state's challenge for cause of a prospective juror, Curtis Watts, was sustained by the trial judge. Defendant points to the following question and response as evidence of error in the trial judge's ruling:
Q. Are you saying you would vote against the imposition of capital punishment no matter what the evidence showed?
A. That's what I think.
Defendant argues that the prospective juror was not firm and unequivocal in his refusal to say if he would vote against capital punishment no matter what the evidence showed. His argument seems to be based on an alleged Witherspoon violation. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
Article 798, as amended by Acts 1968, Ex.Sess., No. 13, § 1 of the Code of Criminal Procedure provides in pertinent part:
It is good cause for challenge on the part of the state, but not on the part of the defendant, that:
(2) The juror tendered in a capital case who has conscientious scruples against the infliction of capital punishment and makes it unmistakably clear (a) that he would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before him, or (b) that his attitude toward the death penalty would prevent him from making an impartial decision as to the defendant's guilt; or
An examination of the prospective juror's entire testimony regarding this point clearly indicates that he had conscientious scruples against the imposition of capital punishment and would vote against the imposition of same without regard to what the evidence might show. Hence, the trial judge did not err in sustaining the state's challenge for cause. State v. Washington, 321 So.2d 763 (La.1975).

ASSIGNMENT OF ERROR NO. 5 LACKS MERIT.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 10
These assignments of error are neither briefed nor argued. Defendant simply submits them for consideration. Ordinarily, such assignments of error would be considered abandoned. State v. Carlisle, 315 So.2d 675 (La.1975). However, in view of the fact that this case involves a capital offense, we will nevertheless review them.
Before the jury was sworn, defense counsel excepted to the jury on the ground that it did not represent a true cross-section of the community. No argument nor evidence was offered in support of this assertion. The trial judge correctly overruled the objection (Assignment of Error No. 6). Next, defendant objected to the qualifying of a state witness as an expert (Captain Milton Cox). The record reveals that this witness was properly qualified as found by the trial judge (Assignment of Error No. 7). Defense counsel asked the prosecutrix whether it was not a *471 fact that at the time of her present testimony at trial she was a virgin. She replied that she was not. Then defense counsel asked her: "Is the Coroner wrong?" The state's objection to this question was sustained. The trial judge correctly found that this witness had no way of knowing what the coroner had stated in this regard; therefore, she could not answer if he was right or wrong. Hence, the trial judge did not err in sustaining the state's objection to the question asked (Assignment of Error No. 10).
Assignments of Error Nos. 6, 7 and 10 are without substance.

ASSIGNMENT OF ERROR NO. 8
Defendant moved for a mistrial during the examination of a state witness, Detective George Heath, claiming that the witness improperly referred to defendant's prior criminal record.
The context facts are as follows. Detective George Heath testified on direct examination that, after the arrest of defendant, he was charged with aggravated rape of the victim in this proceeding and the aggravated kidnapping of both Katherine Strohmeyer and Catherine Harding. Heath related that he and his partner took a selection of B of I (bureau of identification) photographs, including one of defendant, to the house of the victim in this matter. He testified that they tried to match the other photographs as closely as possible with that of defendant and that this selection process took about ten or fifteen minutes. Thereupon, the following question and answer ensued:
Q. Approximately how many photographs did you look through in ten or fifteen minutes to pick the particular six or seven that you were going to use for identification?
A. That would be hard to say. First we went to the B of I and we pulled the subject's record. Let me correct myself: In the Detective Bureau, we have a mug shot file. . . .
Objection was made to the reference to defendant's record and a mistrial was requested. The trial judge sustained the objection but overruled the motion. He then admonished the jury to disregard any comment by this witness, gratuitously made, or any reference or allusion to any record of defendant.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument, would require a mistrial on motion of defendant. La. Code Crim.P. art. 770(2). First, a police officer is not a "court official"; therefore, article 770 does not apply. Rather, article 771 of the Code of Criminal Procedure would be the applicable article. State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La.1974). The trial judge found no bad faith on the part of the state. Nor does defendant contend that the remark regarding defendant's record was obtained by design of the prosecutor. It is also obvious that it was not deliberately uttered by the police witness to prejudice defendant. We are satisfied that any prejudice which may have occurred as a result of this remark was cured by the trial judge's admonition. A mistrial was not required under article 771, particularly since the remark was not responsive to the prosecutor's question. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Luneau, 323 So.2d 770 (La.1975); State v. Howard, 283 So.2d 197 (La.1973). Hence, Assignment of Error No. 8 lacks merit.

ASSIGNMENT OF ERROR NO. 9
Defendant moved for a mistrial claiming prejudice resulting from his being handcuffed and gagged in the presence of the jury.
*472 During the direct examination of the victim, the record contains a notation to the effect that the defendant had to be gagged and the jury removed from the courtroom. It is uncertain whether the gagging took place before or after the jury was removed. Thereafter, clearly outside the presence of the jury, the trial judge stated that on numerous previous occasions he had to warn defendant against his repeated outbursts in the courtroom. Upon being assured by defendant that he would cease disrupting the trial, the trial judge ordered that the gag and handcuffs be removed. Defense counsel then moved for a mistrial which was denied by the trial judge. The jury was returned to the courtroom and was fully admonished by the trial judge.
It has been repeatedly held that it is permissible to bind and gag an unruly accused if he insists on conducting himself in such a disruptive manner that the trial cannot otherwise proceed. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); State v. Brewer, 301 So.2d 630 (La.1974); State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971). Even assuming that the jury observed defendant gagged and handcuffed, based upon the reasons stated by the trial judge in the record, we cannot say that he abused his discretion in taking the action that he did. Moreover, at most, the jury observed defendant in this condition for only a matter of seconds prior to their being removed from the courtroom. The gag and handcuffs were removed from defendant before the jury returned. The trial judge fully admonished the jury to disregard the incident. It is well settled that the record must clearly show that the occurrence complained of was prejudicial to the rights of the accused. State v. Clark, 325 So.2d 802 (La.1976); State v. Kinchen, 290 So.2d 860 (La.1974); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972); State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971). Under the circumstances of this case, we do not find that the incident prejudiced any rights of defendant. Accordingly, the trial judge did not err in denying defendant's motion for a mistrial. Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends that the trial judge erred in overruling his objection to the use at trial of evidence of his commission of an offense similar to the one with which he was charged.
Briefly, the facts of this case are that about 10:00 or 11:00 p.m. on November 27, 1970, Kenneth Thomassie and his date were returning to their car parked on Decatur Street after a walk on the levee near the Jax Brewery in the City of New Orleans. Ishmel Jones approached them and asked for a ride for a couple of blocks. Once in the back seat of the car, he asked for money and placed a broken bottle to the back of Thomassie's neck. He then forced Thomassie's date to have sexual relations with him in the back seat of the car, using the broken bottle to force her compliance. A handkerchief was left in Thomassie's car by defendant after his escape. About four days later, December 1, 1970, at about 10:00 p.m., Catherine Harding and Katherine Strohmeyer were in the process of parking their car on Decatur Street adjacent to the Jax Brewery when Ishmel Jones forced his way into the back seat of their vehicle. He then told them if they drove him a couple of blocks he would get out of the car. During the course of the drive, he asked for money, placed a broken bottle to their necks and said that he was going to have sexual relations with each of them. The broken bottle was inside his handkerchief. In their pleadings with him not to harm them, one of the girls said that she was pregnant at the time. For whatever reason, he later got out the car without carrying out his threats to rape them.
Defendant's objection was to the testimony of Catherine Harding and Katherine Strohmeyer regarding this second offense. *473 The trial judge overruled the objection, citing La.R.S. 15:445 and 446 as authority for its admission.
In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment. La.R.S. 15:445. Where the offense is one of a system, evidence is admissible of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged. La.R.S. 15:446. Within a reasonable time before trial, the state must furnish the defendant a statement in writing of the similar acts or offenses it intends to offer in evidence. State v. Prieur, 277 So.2d 126 (La.1973).
State v. Prieur, supra, set forth specific safeguards, including written notice prior to trial, with which the state must comply when it intends to offer evidence of other criminal offenses under R.S. 15:445 and 446. However, these provisions are only applicable to criminal cases tried after the finality of said judgment which was on March 26, 1973. The instant case was tried before that date on March 13-14, 1972. Therefore, defendant was not entitled to a written notice prior to trial in this case. State v. Thomas, 290 So.2d 690 (La.1974); State v. Grant, 295 So.2d 168 (La.1973). Our jurisprudence is uniform in holding that evidence of similar acts is admissible where almost identical tactics are used to show the "system" or modus operandi employed by the defendant. State v. Price, 325 So.2d 780 (La.1976) (on rehearing); State v. Grant, 295 So.2d 168 (La.1973); State v. Carney, 260 La. 995, 257 So.2d 687 (1972); State v. Modelist, 260 La. 945, 257 So.2d 669 (1972); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971); State v. Montegut, 257 La. 665, 243 So.2d 791 (1969). In view of the similarity of the method and plan of operation employed by defendant in the two offenses and the close connexity in both time and location between the offenses, evidence of the kidnapping (and the threat of rape) of Catherine Harding and Katherine Strohmeyer was admissible in the prosecution of this defendant for the rape of the victim herein in order to show "system," or modus operandi. La.R.S. 15:445 and 446. Moreover, defendant was positively identified by the victim, her companion, and two other persons who witnessed his escape from the Thomassie vehicle after the commission of the crime. The testimony of Catherine Harding and Katherine Strohmeyer relative to the other offense constituted only an insignificant part of the trial of this matter. Under these circumstances, the probative value of evidence of this similar offense outweighed any possible prejudicial effect. Accordingly, Assignment of Error No. 11 is without merit.

ASSIGNMENTS OF ERROR NOS. 12, 13 AND 14
Defendant urges that the trial judge erred in permitting in evidence the rape victim's dress (S-10), a broken glass (S14), and a handkerchief (S-4). He asserts that the state failed to establish an adequate chain of custody prior to their admission in evidence.
There is no merit to this contention. In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we stated:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. [citations omitted]
The lack of positive identification goes to the weight of the evidence, rather *474 than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. [citations omitted]
See also State v. Mims, 330 So.2d 905 (La.1976); State v. Roach, 322 So.2d 222 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975); State v. Flood, 301 So.2d 637 (La.1974); State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).
In the instant case, Officer Don R. Himel testified that the above items were given to him by the victim's mother on the night of the crime and were tagged and initialed by him at that time. He identified his initials on the tags attached to these items at trial. The victim's mother confirmed that she turned these items over to the police. She also identified her daughter's dress. There was evidence that the glass and handkerchief were removed from the rear seat of the Thomassie vehicle. Kenneth Thomassie identified the broken glass as looking similar to that used by defendant on the night of the crime. The rape victim identified her dress and the handkerchief belonging to defendant as well as the broken glass used by defendant on the night the crime was committed. She also confirmed that the items were placed in a bag and taken to the police station by her mother.
We are satisfied that the chain of custody was amply established by this testimony. Furthermore, visual identification was also made of the victim's dress as well as the handkerchief and piece of broken glass. Clearly, it was more probable than not that these items introduced in evidence were related to the case. The trial judge properly permitted their admission in evidence. Hence, there is no merit in Assignments of Error Nos. 12, 13 and 14.
Finally, defendant asserts that his death sentence imposed on March 21, 1972 is invalid under the holding of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) in which it was held that the imposition of the death penalty could not be constitutionally imposed under the then existing procedures. Hence, in compliance with the judgment of that Court, we must vacate the death sentence and remand the case to the trial court for the imposition of a sentence of life imprisonment. State v. Richmond, 278 So.2d 17 (La.1973); State v. Foy, 278 So.2d 38 (La.1973); State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).

DECREE
For the reasons assigned, the conviction is affirmed, but the death sentence is vacated and the case is remanded to the trial court for the imposition of a sentence of life imprisonment.
DIXON, CALOGERO and DENNIS, JJ., concur.
TATE, J., concurs and assigns reasons.
TATE, Justice (concurring).
With regard to assignment of error eleven, I concur with great reservation.
The objection raised by this assignment is to evidence of a completely different offense, an attempted rape about four days later then the present offense. It is true that the identical method of attempting the crime was used. But proof of an identical system of commission of a different crime is admissible only to prove guilty knowledge or intent, or sometimes identity, if these are at issue.
Here, however, the defendant is charged with a forcible rape of a stranger, by use of threat and a weapon. Proof of the act itself proves the guilty knowledge and intent.
The evidence as to a similar but different offense does not relevantly prove any more than that the accused was a bad man who had tried to commit a similar offenseevidence which has long been held inadmissible and beyond the traditional concepts of American criminal prosecutions *475 to require proof of the particular crime charged, but to exclude as prejudicially irrelevant any evidence of general bad character (with the limited, strictly construed, exceptions provided by La.R.S. 15:445, 446).
The evidence as to the entirely different offense has practically no probative value as to the defendant's guilt of the present offense. It simply proves the different offense.
However, since this case was tried before our decision in State v. Prieur, 277 So.2d 126 (La.1973) clarified the misuse of other-offense evidence, I am unwilling at this time to reverse, where the evidence was admitted in reliance upon then recent decisions of this court (since overruled by Prieur, in a return to earlier jurisprudential interpretations requiring strict construction of La.R.S. 15:445, 446).
For the reasons assigned, therefore, I concur in the overruling of assignment of error eleven. I subscribe without such reservation to the majority's disposition of the other assignments of error.