428 So.2d 521 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Keith BARRY, Defendant-Appellant.
No. 15206-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Rehearing Denied April 7, 1983.
Richard L. Carney, Asst. Dist. Atty., Shreveport, for plaintiff-appellee.
Donald R. Minor, Indigent Defender, Shreveport, for defendant-appellant.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
PRICE, Judge.
Defendant was charged by a bill of information with the offense of simple robbery in violation of LSA-R.S. 14:65. Following trial by jury he was found guilty as charged, fined $1,000 to be paid within one year and given a suspended sentence of three years. It is from this conviction that defendant appeals, urging two assignments of error.

FACTS
On July 6, 1981, between 4:00 and 5:00 p.m., Mark Webb, the victim, while selling snowcones in the Queensborough subdivision of Shreveport, was flagged down by defendant. Webb stopped, apparently thinking defendant wanted to purchase a snowcone. Webb made his way to the rear of the truck attempting to fill the snowcone order when defendant pushed him into an unidentified man. As the unidentified man held Webb, defendant tore his money belt from his waist and took the money that it contained, about $10. Both men then fled the scene on foot.
Webb could not identify the assailants, but a fifteen year old girl, standing on a nearby neighborhood corner, came forward making positive identification of defendant as the one who robbed Webb. Defendant's story, corroborated by his relatives, was that he had heard several men discussing *522 the robbery earlier that day, but he was celebrating his sister-in-law's birthday at the time of the offense.
The jury chose to believe the fifteen year old girl and found defendant guilty as charged. He was sentenced to both a fine of $1,000 and to a three year suspended sentence.

ASSIGNMENT OF ERROR NO. ONE
Defendant asserts as his first assignment of error, the trial judge's denial of defendant's motion for mistrial when a state's witness, Detective Bill Wilson, made an alleged prejudicial remark referring to other crimes. When asked how the identity of defendant was obtained, Detective Wilson replied, "with the records in our file, the suspect..." An objection was contemporaneously made, and the jury was promptly retired, but the motion for mistrial was denied.
Under LSA-C.Cr.P. art. 771[1] the court has the discretion of granting a mistrial when an admonition is insufficient to afford the defendant a fair trial. State v. Prieur, 277 So.2d 126 (La.1973) states the standard to be used in applying this article through the following language:
"The admissibility of other acts of misconduct involves substantial risk of grave prejudice to a defendant... The probative value of evidence of unrelated offenses in relation to the charged offense should therefore be weighed in light of its possible prejudicial effect, its tendency to influence the triers of fact improperly as to the present guilt of the accused." Id. at 128.
The testimony at issue resembles quite closely that of the testimony in the case of State v. Jones, 332 So.2d 466 (La.1976) when the following question and answer ensued:
"Q. Approximately how many photographs did you look through in ten or fifteen minutes to pick the particular six or seven that you were going to use for identification?
A. That would be hard to say. First we went to the B of I and we pulled the subject's record. Let me correct myself. In the Detective Bureau we have a mug shot file..." Id. at 471.
In Jones, supra, the witness, a police officer, just as in the case now before this court, referred to defendant's criminal record while also inferring that his picture was in the "mug shot file." The trial judge immediately admonished the jury and on appeal the court essentially stated that there was no deliberate prejudice to the defendant, and furthermore, if any prejudice did occur it was cured by the trial judge's admonition.
Similarly, the police officer in the present case referred to criminal records of defendant. Although no admonition was held, defense counsel failed to request for one under LSA-C.Cr.P. art. 771. As there was no formal request for an admonition, there was no prejudice on the part of the defendant. See State v. Hayes, 414 So.2d 717 (La.1982). The trial judge properly retired the jury and denied the motion for mistrial. He then correctly resumed with the presentation of evidence as this statement within the context of the trial proceeding was not prejudicial, nor was the failure of the trial judge to admonish the jury prejudicial.
Therefore, the trial judge was correct in his ruling and this assignment of error lacks merit.

*523 ASSIGNMENT OF ERROR NO. TWO
Defendant asserts that the evidence was insufficient to prove guilt. The standard of review is stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as follows:
"In the light most favorable to the prosecution upon the evidence adduced at the trial if no rational trier of fact could have found proof beyond a reasonable doubt, the defendant is entitled to habeas corpus relief." Id., 99 S.Ct. at 2791, 2792.
See also State v. Hayes, supra; State v. Jackson, 419 So.2d 837 (La.1982).
Defense counsel's principal argument in this respect is that the evidence presented at the trial tending to prove defendant's guilt was full of discrepancies and inconsistencies. Primarily defendant contends that the only eyewitness to the crime was the fifteen year old girl, Miss Green, who testified that the theft occurred at 1:00 or 2:00 p.m., while the victim testified it was around 4:00 p.m. The time of the crime is of little, if any relevance, to the identity of the defendant and the slight inconsistency under the circumstances does not impair the credibility of the witness's testimony. Secondly, the defendant contends that Miss Green testified she was behind the truck, yet the victim testified that he did not see her. This circumstance presents no inconsistency or contradiction. The victim did not testify that Miss Green wasn't there.
The final inconsistency in testimony urged by defendant is the victim's vacillation on whether his assailant had a growth of hair on his chin. We do not find it significant that the victim changed his recollection on such a small detail as the theft occurred well over a year before trial. Furthermore, the state does not rely on the victim's testimony for identification of defendant.
Miss Green identified the defendant as committing the crime. She knew him before the crime occurred and recognized him as the thief. In looking at the evidence in the light most favorable to the prosecution we find that a reasonable trier of fact could find guilt beyond a reasonable doubt. This assignment of error also lacks merit.
The conviction is AFFIRMED.
NOTES
[1] Art. 771"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:

(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."